**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**
**IN ADMIRALTY**

| | | |
|---|---|---|
| RAY CAPITAL INC., OPPENHEIM | ) | |
| CAPITAL LTD, CHEYENNE | ) | |
| HOLDINGS LTD. AND LABROY | ) | |
| SHIPTRADE LIMITED | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | NO. 16-093 |
| M/V NEWLEAD CASTELLANO, | ) | |
| IMO NO. 9686338 | ) | |
| HER ENGINES, TACKLE, | ) | |
| EQUIPMENT, FURNITURE, | ) | |
| APPURTENANCES, ETC., *IN REM* | ) | |
| AND | ) | |
| NEWLEAD CASTELLANO LTD. | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER TO FIRST AMENDED VERIFIED COMPLAINT

Defendants, Newlead Castellano Ltd. and M/V NEWLEAD CASTELLANO ("Defendants") by and through their attorneys, Ellis, Painter, Ratterree & Adams, LLP and Tisdale Law Offices, LLC, as and for their Answer to the First Amended Verified Complaint dated May 12, 2016, hereby state as follows:

1.    Admit that this is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rule of Civil Procedure. Deny knowledge or information sufficient to form a belief as to the remainder of Paragraph 1.

2.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2.

3.    Deny the allegations contained in Paragraph 3.

4.      Deny knowledge or information sufficient to form a belief as to the allegations contained in  Paragraph 4.

5.      Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5.

6.      Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6.

7.      Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7.

8.      Admit the allegations contained in Paragraph 8.

9.      Admit only that Newlead Castellano Ltd. is the owner of the NEWLEAD CASTELLANO, deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 9.

10.     Admit that the shares of Defendant Newlead Castellano Ltd. are held by a wholly owned subsidiary of Newlead Holdings, Ltd.  Deny the remainder of the allegations contained in Paragraph 10.

11.     Admit the allegations contained in Paragraph 11.

12.     Admit the allegations contained in Paragraph 12.

13.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13.

14.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14.

15.     Deny the allegations contained in Paragraph 15.

16.     Deny the allegations contained in Paragraph 16.

17.     Deny the allegations contained in Paragraph 17.

18.     Admit only that there was a civil action commenced in New York Supreme Court on or about December 20, 2013 involving non-party Newlead Holdings Ltd.  Deny knowledge or information sufficient to form a belief as to the remainder of Paragraph 18.

19.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19.

20.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20.

21.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21.

22.     Admit only that prior to mid-2014, Newlead Holdings, Ltd. sought to pay various obligations to Plaintiffs by issuing stock to the Plaintiffs to satisfy the indebtedness.  Deny the remainder of the allegations contained in Paragraph 22.

23.     Deny the allegations contained in Paragraph 23.

24.     Admit only that Newlead Holdings, Ltd. issued each Plaintiff a convertible promissory note pursuant to a series of exchange agreements.   Deny the remainder of the allegations contained in Paragraph 24.

25.     Admit the allegations contained in Paragraph 25.

26.     Admit the allegations contained in Paragraph 26.

27.     Defendants neither admit nor deny the allegations contained in Paragraph 27 but refer the Court to the entire Contract and the course of dealing among other parties.

3

28.     Admit that Plaintiff Ray reduced the indebtedness under the Ray Note by selling Newlead Holdings Ltd. shares.   Deny knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 28.

29.     Deny the allegations contained in Paragraph 29.

30.     Deny the allegations contained in Paragraph 30.

31.     Deny the allegations contained in Paragraph 31.

32.     Admit that Exhibit 5 to the Amended Complaint is a true and accurate copy of the Guarantee and Indemnity but, except as so admitted, deny the allegations contained in Paragraph 32.

33.     Admit the allegations contained in Paragraph 33.

34.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 since they characterize a writing.

35.     Admit the allegations contained in Paragraph 35.

36      Admit only that the guarantee and indemnity so provides, deny the remainder of the allegations contained in Paragraph 36.

37.     The Defendants admit that the Guarantee and Indemnity attached to the Amended Complaint is true and accurate and the Defendants refer the Court to the full provisions thereof.

38.     The Defendants admit that the Guarantee and Indemnity attached to the Amended Complaint is true and accurate and the Defendants refer the Court to the full provisions thereof.

39.     The Defendants admit that the Guarantee and Indemnity attached to the Amended Complaint is true and accurate and the Defendants refer the Court to the full provisions thereof.

40.     The Defendants admit that the Guarantee and Indemnity attached to the Amended Complaint is true and accurate and the Defendants refer the Court to the full provisions thereof.

41.     The Defendants admit that the Guarantee and Indemnity attached to the Amended Complaint is true and accurate and the Defendants refer the Court to the full provisions thereof.

42.     The Defendants admit that the Guarantee and Indemnity attached to the Amended Complaint is true and accurate and the Defendants refer the Court to the full provisions thereof.

43.     The Defendants admit that the Guarantee and Indemnity attached to the Amended Complaint is true and accurate and the Defendants refer the Court to the full provisions thereof.

44.     The Defendants admit that the Guarantee and Indemnity attached to the Amended Complaint is true and accurate and the Defendants refer the Court to the full provisions thereof.

45.     The Defendants admit that the Guarantee and Indemnity attached to the Amended Complaint is true and accurate and the Defendants refer the Court to the full provisions thereof.

46.     The Defendants admit that the Guarantee and Indemnity attached to the Amended Complaint is true and accurate and the Defendants refer the Court to the full provisions thereof.

47.     Deny the allegations contained in Paragraph 47.

48.     Paragraph 48 calls for a legal conclusion, to the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48.

49.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49.

50.     Admit that the Ray Note Addendum 3 is true and accurate and the Defendants refer the Court to the provisions thereof.

51.     Admit the allegations contained in Paragraph 51.

52.     Deny the allegations contained in Paragraph 52.

53.     Admit that Plaintiff Ray sent a letter dated December 29, 2015 but, except as so admitted, deny the remainder of the allegations contained in Paragraph 53.

54.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54.

55.     Deny the allegations contained in Paragraph 55.

56.     Admit that Plaintiff Ray sent a letter dated January 8, 2016 to Defendant Newlead Castellano Ltd. but, except as so admitted, deny the remainder of the allegations contained in Paragraph 56.

57.     Deny the allegations contained in Paragraph 57.

58.     Deny the allegations contained in Paragraph 58.

59.     Deny the allegations contained in Paragraph 59.

60.     Deny the allegations contained in Paragraph 60.

61.     Deny the allegations contained in Paragraph 61.

62.     Admit only that separate audited financial statements for Newlead Castellano Ltd. could not be provided because audits were performed on a consolidated basis with other subsidiaries of Newlead Holdings Ltd.   Deny the remainder of the allegations contained in Paragraph 62.

63.     Defendants cannot answer Paragraph 63 since it is not clear what "documents" are referenced therein.   To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63.

64.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64.

65.     Deny the allegations contained in Paragraph 65.

66.     Deny the allegations contained in Paragraph 66.

67.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67.

68.     Admit the allegations contained in Paragraph 68.

69.     Deny the allegations contained in Paragraph 69.

70.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70.

71.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71.

72.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72.

73.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73.

74.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74.

75.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75.

76.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76.

77.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77.

78.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78.

79.     Admit that Exhibit 8 to the Amended Complaint is a true and accurate copy of a May 10, 2016 email from Spyros Theodoropoulos.   The Defendants refer the Court to the full provisions thereof.  With the exception of the foregoing, Defendants deny the remainder of the allegations contained in Paragraph 79.

80.     Admit that Exhibit 8 to the Amended Complaint is a true and accurate copy of a May 10, 2016 email from Spyros Theodoropoulos.   The Defendants refer the Court to the full provisions thereof.  With the exception of the foregoing, Defendants deny the remainder of the allegations contained in Paragraph 80.

81.     Deny the allegations contained in Paragraph 81.

82.     Deny the allegations contained in Paragraph 82.

83.     Deny the allegations contained in Paragraph 83.

84.     Deny the allegations contained in Paragraph 84.

85.     Deny the allegations contained in Paragraph 85.

86.     Deny the allegations contained in Paragraph 86.

87.     Deny the allegations contained in Paragraph 87.

88.     Deny the allegations contained in Paragraph 88.

89.     Deny the allegations contained in Paragraph 89.

90.     Deny the allegations contained in Paragraph 90.

91.     Defendants repeat and re-allege their responses to Paragraphs 1-90 above as if set forth fully herein.

92.     Deny the allegations contained in Paragraph 92.

93.     Deny the allegations contained in Paragraph 93.

94.     Deny the allegations contained in Paragraph 94.

95.     Deny the allegations contained in Paragraph 95.

96.     Deny the allegations contained in Paragraph 96.

97.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 97.

98.     Defendants repeat and re-allege their responses to Paragraphs 1-97 above as if set forth fully herein.

99.     Deny the allegations contained in Paragraph 99.

100.    Deny the allegations contained in Paragraph 100.

101.    Paragraph 101 contains a legal conclusion, to the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 101.

102.    Deny the allegations contained in Paragraph 102.

103.    Deny the allegations contained in Paragraph 103.

104.    Deny the allegations contained in Paragraph 104.

105.    Deny the allegations contained in Paragraph 105.

106.    Deny the allegations contained in Paragraph 106.

107.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 107.

108.    Defendants repeat and re-allege their responses to Paragraphs 1-107 above as if set forth fully herein.

109.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 109.

110.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 110.

111.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 111.

112.    Deny the allegations contained in Paragraph 112.

113.    Defendants repeat and re-allege their responses to Paragraphs 1-112 above as if set forth fully herein.

114.    Deny the allegations contained in Paragraph 114.

115.    Deny the allegations contained in Paragraph 115.

116.    Deny the allegations contained in Paragraph 116.

117.    Paragraph 117 contains a legal conclusion, to the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 117.

118.    Deny the allegations contained in Paragraph 118.

119.    Deny the allegations contained in Paragraph 119.

120.    Deny the allegations contained in Paragraph 120.

121.    Deny the allegations contained in Paragraph 121.

122.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 122.

123.    Deny the allegations contained in Paragraph 123.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

124.    The Plaintiffs have failed to perform all conditions precedent necessary to foreclose on the Vessel and bring this action.

## SECOND AFFIRMATIVE DEFENSE

125.    Plaintiffs' Verified Amended Complaint is barred in whole or in part because the Plaintiffs lack standing to sue.

## THIRD AFFIRMATIVE DEFENSE

126.    Service of process on Defendant Newlead Castellano Ltd. was improper and insufficient.

## FOURTH AFFIRMATIVE DEFENSE

127.    Plaintiffs are not the real parties in interest.

## FIFTH AFFIRMATIVE DEFENSE

128.    If the Plaintiffs were damaged, they have failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

129.    Plaintiffs are attempting to assert claims which are unripe and/or moot.

## SEVENTH AFFIRMATIVE DEFENSE

130.    Defendants give notice that they intend to rely upon any other matter constituting an avoidance or an affirmative defense provided in Federal Rule of Civil Procedure 8(c) or otherwise.

## <u>VERIFIED COUNTERCLAIM FOR WRONGFUL ARREST</u>

1.      Defendants repeat and reallege every allegation in Defendants' Answer to Plaintiffs' Amended Complaint.

2.      Ray Capital failed to sell the shares of Newlead Holdings Ltd. to pay down the balance of the Note as required by Addendum # 3.

3.      Because Ray Capital did not satisfy its obligations under the Addendum, there is no event of default.

4.      This absence of an event of default precludes Ray Capital from foreclosing on the mortgage against the Vessel.

5.      No events of defaults have been triggered as to the mortgages to which Labroy, Oppenheim, and Cheyenne are parties.

6.      At the time of the arrest of the Vessel, Plaintiffs concede that they possessed no valid maritime claim against the Vessel which would have supported a Rule B attachment.  *See* ECF No. 28, p. 2.

7.      Because Plaintiffs had no bona fide claim of a maritime lien on the vessel at the time of the seizure, they wrongfully arrested the Vessel.

8.      This absence of default under the mortgages and absence of a maritime claim at the time of the seizure demonstrate bad faith, malice, or gross negligence on the part of the Plaintiffs.

9.      In seizing Defendant's Vessel, Plaintiffs ignored all of these requirements, at a great expense to the Defendant.

10.     Therefore, Defendants are entitled to damages for wrongful arrest including, but not limited to: loss of hire or freight, costs, attorney's fees, actual damages, and consequential damages.

**WHEREFORE,** Defendants pray that this Court enter judgment in favor of these answering Defendants against Plaintiffs dismissing the Complaint and awarding costs, attorney's fees, actual damages, and consequential damages for wrongful arrest.

This 7th day of June, 2016.

TISDALE LAW OFFICES, LLC

/s/Thomas L. Tisdale
Thomas L. Tisdale
NY Bar No.: TT5263
ttisdale@tisdale-law.com

11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025

ELLIS, PAINTER, RATTERREE & ADAMS LLP

/s/Robert S. Glenn, Jr.
ROBERT S. GLENN, Jr.
Georgia Bar No. 297306
bglenn@epra-law.com

/s/Philip Thompson
PHILIP THOMPSON
Georgia Bar No. 963572
pthompson@epra-law.com
*Attorneys for Defendants Newlead Castellano Ltd. and M/V NEWLEAD CASTELLANO*

Post Office Box 9946
Savannah, Georgia 31412
Telephone: (912) 233-9700

## <u>ATTORNEY'S VERIFICATION AS TO COUNTERCLAIM</u>

1.      My name is Thomas Tisdale.

2.      I am of legal age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.      I am the Managing Attorney in the firm of Tisdale Law Offices, LLC, attorneys for the Defendants.

4.      I have read the foregoing Verified Counterclaim and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.      The reason why this Verification is being made by counsel and not by the Defendants is that the Defendants have no officers or directors now within this District.

6.      The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Defendants and agents and/or representatives of the Defendants.

7.      I am authorized to make this Verification on behalf of the Defendants.


Dated: June 7, 2016
New York, NY

                                        /s/ Thomas L. Tisdale
                                        Thomas L. Tisdale
                                        NY Bar No.: TT5263


14

CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a

true and correct copy of the foregoing document(s) as indicated below:

Todd M. Baiad
Bouhan Falligant, LLP
Post Office Box 2139
Savannah, Georgia 31402-2139
tmbaiad@bouhan.com

**X**     electronic delivery.

☐     via facsimile number:

☐     by hand delivery.

Dated this   7th     day of June, 2016.

TISDALE LAW OFFICES, LLC

/s/Thomas L. Tisdale
Thomas L. Tisdale
NY Bar No.: TT5263
11 West 42nd Street, Suite 900     ttisdale@tisdale-law.com
New York, NY 10036
(212) 354-0025

ELLIS, PAINTER, RATTERREE & ADAMS LLP

/s/Robert S. Glenn, Jr.
ROBERT S. GLENN, Jr.
Georgia Bar No. 297306
bglenn@epra-law.com

/s/Philip Thompson
PHILIP THOMPSON
Georgia Bar No. 963572
pthompson@epra-law.com
*Attorneys for Defendants*

Post Office Box 9946
Savannah, Georgia  31412
912-233-9700