IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | |
|---|---|
| RAY CAPITAL INC.; OPPENHEIM CAPITAL LTD.; CHEYENNE HOLDINGS LTD.; AND LABROY SHIPTRADE LIMITED,<br><br>PLAINTIFFS,<br><br>V.<br><br>M/V NEWLEAD CASTELLANO, IMO NO. 9686338, HER ENGINES, TACKLE, EQUIPMENT, FURNITURE, APPURTENANCES, ETC., *IN REM*, AND NEWLEAD CASTELLANO LTD.,<br><br>DEFENDANTS. | CASE NO. 4:16-CV-093 |

## ORDER FOR SALE OF M/V CASTELLANO AND RELATED RELIEF

The Court, having considered Plaintiffs' Motions to Inspect the Vessel, to Authorize In Custodia Legis Expenses, and to Sell and having considered these and other matters before the Court in a hearing July 11, 2016, held at 9:00 a.m. EST in the United States District Court for the Southern District of Georgia, Savannah Division, rules as follows:

(1) Because inspection is provided for in the underlying mortgages and has not been objected to by Defendants, Plaintiffs' Motion to Inspect the Vessel (Doc. 28) is **GRANTED**.

(2) Plaintiffs' Motion to Authorize In Custodia Legis Expenses (Doc. 28) is **GRANTED**, in the amount of $455,407.20, which covers costs incurred by Plaintiffs through the end of June 2016 (Doc. 43, Ex. 4).

(3) Pursuant to Plaintiffs' in-court request, Defendants will have seven (7) days to respond to Plaintiffs' future Motions to Authorize In Custodia Legis Expenses. If this timeframe becomes unduly burdensome to Defendants, they may move the Court for an extended response window.

(4) Plaintiffs' Motion to Sell the Vessel (Doc. 28) is hereby **GRANTED** for two reasons. See Fed. R. Civ. P., Supp. Adm. R. E(9)(a). First, because Plaintiff Ray continues to incur great expense to keep the Vessel seaworthy, the Vessel's value as collateral for Plaintiffs and other creditors deteriorates daily. Second, limited tools are available to the Vessel's crew to prevent corrosion and other physical deterioration of the Vessel.

(5) The sale of the Vessel shall proceed as follows:

1. The United States Marshal for the Southern District of Georgia, Savannah Division, is hereby **ORDERED** to conduct an admiralty sale of the Vessel free and clear of all liens and encumbrances pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court on MONDAY, AUGUST 8, 2016, commencing at 10:00 a.m. EST in such location as the Marshal shall deem appropriate and to continue such auction until no further bids are had;

2. Plaintiffs shall cause the publication of notice of the auction in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, and shall file proof of such publication with the Court;

3. Plaintiffs, pursuant to Local Admiralty Rule 10(a), shall appoint two independent ship brokers, Compass Maritime, Inc., of New Jersey and Jacq.

Pierot Jr. & Sons of New York to value the Vessel, at Plaintiffs' cost and expense (the "Valuation"), and such valuation shall be filed with the Court;

4. The Marshal shall set the minimum bid for the Vessel at 75% of the average of the two Valuations;

5. Interested bidders shall attend the auction with a certified check, money order, or bank draft in the amount of $1,000,000 USD (One million United States dollars), made out to the "United States Marshal Service", and shall present such instrument to the Marshal prior to the commencement of the auction. Upon the Marshal's satisfaction that such instrument is capable of serving as a deposit, such interested bidder shall be deemed a qualified bidder and may bid on the Vessel;

6. At the conclusion of the auction, the winning qualified bidder shall have three (3) business days to tender the balance of the sale price to the Marshal, who shall issue a Bill of Sale stating that title to the Vessel has passed to the winning bidder free and clear of all encumbrances at such time as may be mutually agreed with the winning bidder, such time not to exceed 14 days, and the costs of the Vessel post-sale to be for the winning bidder's account;

7. Plaintiffs, should their Motion for Summary Judgment (Doc. 43) be granted, shall have liberty to bid the value of the Mortgages, as shall be determined by the Court in a subsequent Order, Plaintiffs having undertaken to pay all priming liens and costs, including but not limited to in custodia legis costs unpaid by Plaintiffs', the Marshal costs and

commissions, the crew wages incurred up to the time of sale, such crew repatriation expenses as may reasonably be incurred, and such other liens as may prime Plaintiffs' claims. However, notwithstanding the foregoing, Plaintiffs shall have the right to challenge any alleged priming lien at such further proceeding as may be ordered by the Court upon the intervention of any third-party plaintiff(s); and

8. Plaintiffs shall provide the Court with a draft Sale Order 5 (five) days before the Sale Confirmation Hearing, which the Court will schedule shortly following the auction.

(6) Pursuant to Plaintiffs' in-court request for an expedited briefing schedule with respect to their Motion for Summary Judgment (Doc. 33), the Clerk is **DIRECTED** to enter an order upon the docket providing that Defendants shall file their opposition to this motion **no later than Friday, July 22, 2016.** If Defendants need additional time to respond, they can request such by filing a motion with the Court before this deadline.

**ORDER ENTERED**, at Augusta, Georgia, this 14th day of July, 2016.

Hon. James Randal Hall
United States District Judge for the
Southern District of Georgia