IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

```
RAY CAPITAL INC.; OPPENHEIM      *
CAPITAL LTD.; CHEYENNE HOLDINGS  *
LTD.; and LABROY SHIPTRADE       *
LIMITED,                         *
                                 *
          Plaintiffs,            *
                                 *
     v.                          *      CV 416-093
                                 *
M/V NEWLEAD CASTELLANO, IMO NO.  *
9686338, her engines, tackle,    *
equipment, furniture,            *
appurtenances, etc., in rem,     *
and NEWLEAD CASTELLANO LTD.,     *
                                 *
          Defendants.            *
```

**O R D E R**

Presently before the Court is Defendants' motion for extension of time and stay of order. (Doc. 53.) Within this motion, Defendants request (1) "a one-week extension to August 8, 2016, to respond to the Motion for Reconsideration and file their anticipated Cross-Motion" and (2) a stay of "the Court's July 14, 2016 Order (Doc. 48) . . . pending the resolution of the Motions for Reconsideration." (Id. at 3.) Upon due consideration, the Court **DENIES** Defendants' first request and **ORDERS** the following: (1) Defendants shall file their cross motion to uphold the vacatur of the Rule C arrest and to vacate the Rule B attachment **no later than July 27, 2016**; (2)

Defendants shall file their opposition to Plaintiffs' emergency motion for reconsideration **no later than August 1, 2016**; and (3) Plaintiffs shall file their response to Defendants' cross motion **no later than August 1, 2016**.[1]  As for Defendants' second request, the Court **DENIES** it as well.  Yet, the Court does **EXTEND** Defendants' window to respond to Plaintiffs' motion for summary judgment **until October 14, 2016,** to allow Defendants to conduct factual discovery.[2]  See Snook v. Trust Co. of Ga. Bank of Savannah, 859 F.2d 865, 870 (11th Cir. 1988) ("This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.").

**ORDER ENTERED** at Augusta, Georgia, this 21st day of July, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] While Defendants' current counsel did not appear in this action until July 18, 2016, Defendants knew of their former counsel's intent to withdraw as early as June 15, 2016 – twenty-six days before the rescheduled hearing that is at the core of Defendants' forthcoming submissions.  (Docs. 37, 53.)  Combining this fact with Plaintiffs' mounting costs in maintaining the M/V Newlead Castellano, IMO NO. 9686338, and paying its crew, the Court deems this filing schedule to be appropriate.

[2] The Court extends Defendants' timeframe to respond to Plaintiffs' motion for summary judgment pursuant to the same rule by which it initially shortened Defendants' timeframe: "*Unless these rules or the assigned Judge prescribes otherwise*, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion." LR 7.5, SDGa. (emphasis added).