IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

RAY CAPITAL INC.; OPPENHEIM
CAPITAL LTD.; CHEYENNE HOLDINGS
LTD.; and LABROY SHIPTRADE
LIMITED,

    Plaintiffs,

v.

M/V NEWLEAD CASTELLANO, IMO NO.
9686338, her engines, tackle,
equipment, furniture,
appurtenances, etc., *in rem*,
and NEWLEAD CASTELLANO LTD.,

    Defendants.

CV 416-093

**O R D E R**

Presently before the Court is Plaintiffs' emergency motion for reconsideration (Doc. 49) and Defendants' cross-motion for reconsideration (Doc. 59). For the reasons below, Plaintiffs' motion is **GRANTED** and Defendants' motion is **DENIED**.

## I. BACKGROUND

On July 14, 2016, the Court entered an order granting Defendants' motion to vacate as it related to the arrest of Defendant M/V Newlead Castellano, IMO No. 9686338 ("Vessel"), and denying Defendants' motion as it related to the attachment of the Vessel. (Doc. 47.) Regarding the Vessel's arrest, the

Court found that neither Plaintiffs' preferred mortgage liens nor their post-arrest wage payments gave rise to a maritime lien. Consequently, the Court ruled that "without any other arguments from Plaintiffs indicating that they have a maritime lien on the Vessel," Defendants' motion to vacate the arrest of the Vessel should be granted. (Id. at 6.) In light of this decision, Plaintiffs, on July 15, 2016, filed an emergency motion asking the Court to reconsider its Order to extent it vacated the Vessel's arrest. (Doc. 49.) Thereafter, on July 27, 2016, Defendants filed a cross-motion asking the Court to reconsider the Order to the extent that it upholds Plaintiffs' attachment of the Vessel.[1] (Doc. 59.) In response to these motions, Defendants have since filed a brief in opposition to Plaintiffs' motion (Doc. 62), and Plaintiffs have filed a brief in opposition to Defendants' cross-motion (Doc. 63). Accordingly, the parties' motions for reconsideration are now ripe for the Court's consideration.

## II. DISCUSSION

### A. Arrest

Having evaluated the arguments set forth by both parties, the Court remains steadfast in its conclusion that Plaintiffs have not met their burden of establishing that they are entitled to a "maritime lien." See 46 U.S.C. § 31301(5) (defining

---

[1] Defendants were unrepresented by counsel in this matter from July 7, 2016, to July 18, 2016. (Docs. 42, 50.)

"preferred maritime lien"); 46 U.S.C. § 31342 (defining "maritime lien"); Galehead, Inc. v. M/V Angila, 183 F.3d 1242, 1244 (11th Cir. 1999); Admiral Cruise Servs., Inc. v. M/V St. Tropez, 524 F. Supp. 2d 1378, 1380 (S.D. Fla. 2007); see also TransMontaigne Prod. Servs., Inc. v. M/V Wilbur R. Clark, 679 F. Supp. 2d 1308, 1319 (S.D. Ala. 2009) ("For example, the Ship Mortgage Act deems the preferred mortgage a 'lien on the vessel,' 46 U.S.C. § 31325(a), but does not call it a 'maritime lien.'"). However, this conclusion does not foreclose Plaintiffs' ability to prevail on their motion. Rule C(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure provides that an action in rem may be brought not only (a) "[t]o enforce any maritime lien" but also (b) "[w]henever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto."

In this case, a United States statute - 46 U.S.C. § 31325(b)(1) - permits Plaintiffs to bring the instant in rem action and to seek an arrest of the Vessel. See also Fed. R. Civ. P. Supp. C(3)(a)(i) ("If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action."). Pursuant to this statute, Plaintiffs may bring a civil action in rem if

3

(1) they have a preferred mortgage and a preferred mortgage lien on the Vessel and (2) Defendant NewLead Castellano Ltd. ("NC") has defaulted on a term of the preferred mortgage. See 46 U.S.C. § 31325(b)(1) ("On default of any term of [a] preferred mortgage, the mortgagee may[] enforce [its] preferred mortgage lien in a civil action in rem for a . . . foreign vessel."). Here, "because [they] have pled (1) that the ownership of the Vessel has been documented in Liberia and (2) that Plaintiffs' mortgages in the Vessel were registered in Liberia and governed by Liberian law," Plaintiffs have adequately alleged that they have preferred mortgages, and thus preferred mortgage liens, on the Vessel. (Doc. 47 at 7.) See id. § 31301(6) (providing that a "preferred mortgage" is "a mortgage . . . that is established as a security on a foreign vessel if the mortgage . . . was executed under the laws of the foreign country under whose laws the ownership of the vessel is documented and has been registered under those laws in a public register at the port of registry of the vessel or at a central public office"); id. § 31325(a) (providing that one has a "preferred mortgage lien" on a vessel when one has a preferred mortgage on that vessel). Moreover, by alleging that Defendant NC failed to fulfill its financial obligation to Plaintiff Ray, Plaintiffs have adequately alleged that Defendant NC has defaulted on at least

one of the preferred mortgages.[2] Consequently, given these allegations, Plaintiffs have shown that they have a reasonable basis for bringing this in rem action.[3] See Barna Conshipping, S.L. v. 1,800 Metric Tons, No. 09-0027, 2009 WL 1203923, at *3 (S.D. Ala. Apr. 29, 2009) ("The post-arrest hearing is not intended to resolve definitely the dispute between the parties, but only to make a preliminary determination whether there were *reasonable grounds* for issuing the arrest warrant." (emphasis added)). For that reason, Plaintiffs' motion for reconsideration (Doc. 49) is **GRANTED**; the Court's July 14, 2016 Order, to the extent that it addresses the arrest of the Vessel (Doc. 47), is **VACATED**; and the initial arrest of the Vessel is **REINSTATED**.[4]

---

[2] Defendant's obligation to pay Defendant NC arose on or about January 8, 2016. (Am. Compl., Doc. 18, ¶¶ 33, 35, 39, 41, 56.)

[3] Within their brief in opposition to Plaintiffs' motion for reconsideration, Defendants cite three cases for the proposition that "[a] breach of an underlying contract ("the Ray Note") in this case secured by a preferred mortgage does not give rise to [a] Section 31325 [in rem action]." (Defs.' Br., Doc. 62, at 10.) However, upon a close reading of these cases, the Court concludes that none are applicable here. See S.E.L. Maduro (Fla.), Inc. v. M/V Antonio de Gastaneta, 833 F.2d 1477, 1482-83 (11th Cir. 1987) (holding that, for purposes of *res judicata*, an action for breach of contract is "altogether different" from an action to enforce a maritime lien *in rem* against a vessel); Beluga Holding, Ltd. v. Commerce Capital Corp., 212 F.3d 1199, 1204 (11th Cir. 2000) (holding that, for purposes of an interlocutory appeal of an admiralty claim, a claim for conversion of stock certificates is not "integrally linked" to a claim for foreclosure of a ship mortgage); First Bank P.R. v. Swift Access Mktg., Inc., 697 F. Supp. 2d 259, 261 (D.P.R. 2010) (providing that a complaint is "devoid of federal law issues" when a plaintiff seeks only enforcement of a promissory note and not "foreclosure upon a mortgage or arrest of a vessel").

[4] Upon the foregoing, the Court grants Plaintiffs' motion and vacates a portion of its prior Order pursuant to Federal Rule of Civil Procedure 60(b)(6).

5

## B. Attachment

With their cross-motion, Defendants request that the Court reconsider its July 14th Order to the extent that it upholds Plaintiffs' attachment of the Vessel. Specifically, Defendants argue that the Court's prior Order was issued in error because Plaintiffs have not pled a valid prima facie admiralty claim against them. See James v. M/V Eagle Express, No. CA12-423, 2012 WL 3068791, at *5 (S.D. Ala. July 27, 2012) (stating that a plaintiff, in order to obtain Rule B attachment, must show that all of the following are true: (1) "[the plaintiff] has a valid *prima facie* admiralty claim against the defendant"; (2) "the defendant cannot be found within the district"; (3) "the defendant's property may be found within the district"; and (4) "there is no statutory or maritime law bar to the attachment"). However, as highlighted above, Plaintiffs have adequately alleged (1) that they have a preferred mortgage, and thus a preferred mortgage lien, on the Vessel and (2) that Defendant NC has defaulted on a financial obligation within Plaintiff Ray's preferred mortgage. Consequently, Plaintiffs have asserted a *prima facie* case for the admiralty claim that was created by the following language from 46 U.S.C. § 31325(b)(2)(A):

> On default of any term of the preferred mortgage, the mortgagee may[] enforce a claim for the outstanding indebtedness secured by the mortgaged vessel in[] a civil action in personam in admiralty against the mortgagor . . . for the amount of the outstanding

6

indebtedness or any deficiency in full payment of that indebtedness.

As a result, Plaintiffs' attachment of the Vessel is proper, and Defendants' cross-motion for reconsideration (Doc. 59) is **DENIED**.

### III. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiffs' emergency motion for reconsideration (Doc. 49); **VACATES** its July 14, 2016 Order to the extent it addresses the arrest of the Vessel (Doc. 47); **REINSTATES** Plaintiffs' arrest of the Vessel; and **DENIES** Defendants' cross-motion for reconsideration (Doc. 59).

**ORDER ENTERED** at Augusta, Georgia, this 4th day of August, 2016.

/s/ J. Randal Hall
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

7