```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF GEORGIA
                    SAVANNAH DIVISION
                      IN ADMIRALTY
```

RAY CAPITAL INC.; OPPENHEIM         *
CAPITAL LTD.; CHEYENNE HOLDINGS     *
LTD.; and LABROY SHIPTRADE          *
LIMITED,                            *
                                    *
     Plaintiffs,                    *
                                    *
          v.                        *           CV 416-093
                                    *
M/V NEWLEAD CASTELLANO, IMO NO.     *
9686338, her engines, tackle,       *
equipment, furniture,               *
appurtenances, etc., *in rem*,      *
and NEWLEAD CASTELLANO LTD.,        *
                                    *
     Defendants.                    *

                         O R D E R

     The Court, sitting in admiralty, having considered the pleadings, prior orders, findings and other matters properly before the Court, rules as follows:

                      I. BACKGROUND

     On April 19, 2016, upon the filing of Plaintiffs' verified complaint, the Court entered orders directing the issuance of a warrant for the maritime arrest of the Defendant M/V NEWLEAD CASTELLANO, IMO NO. 9686338, her engines, tackle, equipment, furniture, appurtenances, etc., *in rem* ("Vessel"), and the issuance of process for maritime attachment and garnishment of the Vessel. (Docs. 1, 8, and 10.) On May 3, 2016, Defendant

NewLead Castellano Ltd. filed a Motion to Vacate the arrest and attachment of the Vessel. (Doc. 15.) On July 14, 2016, the Court entered an order vacating the arrest of the Vessel, but denying the vacatur of the attachment of the Vessel. (Doc. 47.) On August 15, 2016, Plaintiffs filed an Emergency Motion for Reconsideration seeking to reinstate the arrest of the Vessel. (Doc. 49.) On August 4, 2016, the Court reinstated the arrest of the Vessel. (Doc. 64.)

On May 26, 2016, the Plaintiff filed a motion seeking, *inter alia*, the interlocutory sale of the Vessel. (Doc. 28.) On July 14, 2016, the Court entered an order directing the United States Marshal for the Southern District of Georgia, Savannah Division ("Marshal") to conduct an interlocutory admiralty sale of the Vessel on Monday August 8, 2016. (Doc. 48, as subsequently amended in part by the Court's Order dated August 4, 2016, Doc. 65 (as amended, the "Order for Sale").) As set forth in the Court's Order for Sale, the interlocutory sale of the Vessel was warranted because of: (1) the great expense being incurred to keep the Vessel seaworthy (thereby deteriorating its value as collateral for Plaintiff and other creditors); and (2) the limited tools available to the Vessel's crew to prevent corrosion and other physical deterioration. (Doc. 48.) See Fed. R. Civ. P., Supp. Adm. R. E(9)(a).

2

Notice of the sale of the Vessel was duly published by the Marshal pursuant to Local Admiralty Rule 4. (Doc. 70.) On August 8, 2016 at 10:00 a.m., the sale of the Vessel was duly conducted in accordance with the Court's Order for Sale by the Marshal at the premises of the entrance to the United States District Court, Savannah, Georgia. (Doc. 70.) At the sale, Strategic Shipping, Inc. ("Strategic") presented a bid of $7,400.000.00 USD (plus the current market price of any fuel or gas oil remaining on board the Vessel at the time of its delivery to the successful bidder) (collectively, the "Sale Price") and was the highest bidder capable of performing at the auction. (Doc. 66.) On August 8, 2016, Strategic presented $1,000,000.00 USD to the Marshal as security for payment of the remainder of its bid. On August 11, 2016, Strategic made a wire transfer to the Clerk of Court in the amount of $6,400,000.00 USD to be applied towards its bid upon the successful confirmation of the sale held on August 8, 2016. On August 9, 2016, Plaintiffs requested a hearing to confirm the sale of the Vessel to Strategic. (Doc. 68.)

## II. DISCUSSION

*A. The Order for Sale has been obeyed and the Sale Price is not grossly inadequate.*

Until confirmation, a sale in admiralty may be set aside at any time, but extreme caution should be used in such actions. Ghezzi v. Foss Launch & Tug Co., 321 F.2d 421 (9th Cir. 1963). The grounds recognized as justifying setting aside an admiralty sale include fraud, collusion, and gross inadequacy of price. Wong Shing v. M/V Mardina Trader, 564 F.2d 1183 (5th Cir. 1977) (citing 2 C.J.S. Admiralty § 247 (1972)). Here, there are no allegations or evidence of fraud or collusion in the interlocutory sale of the Vessel and so the Court need only determine if the Order for Sale was obeyed and if the Sale Price was not grossly inadequate.

The Order for Sale required Plaintiffs to cause the publication of the notice of the auction in accordance with Local Admiralty Rule 4. (Doc. 48, at 2.) Plaintiffs have filed proof of publication of such notice with the Court. (Doc. 70.) The Order for Sale further required Plaintiffs to appoint two independent ship brokers, Compass Maritime, Inc., of New Jersey and Jacq. Pierot Jr. & Sons of New York to value the Vessel (the "Valuations") and to file such valuations with the Court. (Doc. 48, at 2-3.) Plaintiffs have obtained and filed the Valuations with the Court. (Doc. 61.) The Court further ordered that the

4

opening bid for the Vessel should be set by the Marshal at seventy-five (75%) percent of the average of the Valuations. (Doc. 48, at 3.)  The Valuations provided estimated fair market values of $7,250,000.00 USD and $7,000,000.00 USD, respectively. (Docs. 61-1 and 61-2.)  Seventy-five (75%) percent of the average of these figures is $5,343,750.00 USD (the "Minimum Bid").  The Marshal has filed a Marshal's Report of Sale which shows that the Sale Price was greater than the Minimum Bid and exceeded the highest Valuation.  (Doc. 66.)  The Marshal has further recommended that the Court approve and confirm this sale. (Id.)  Strategic has paid the Sale Price, except for the cost of the fuel or gas oil aboard which cannot be calculated until physical delivery and the $1,000,000.00 presented to and presently held as security by the Marshal, into the registry of the Court. See Docket Entry dated August 11, 2016.

Accordingly, the Court finds that the Order of Sale has been obeyed and that the Sale Price is not grossly inadequate, and confirms the sale of the Vessel to Strategic for the Sale Price.

    B. *Local Admiralty Rule 15 limits claims made after the date of sale.*

Pursuant to Local Admiralty Rule 15, additional claims upon the proceeds of sale from the Vessel shall be limited to remnants and surplus remaining after distribution to lienors who

filed their claims before the sale of the Vessel, unless otherwise ordered. This requires the Court to determine the date of the sale of the Vessel.

In determining the date of sale of the Vessel, the Court is guided by First National Bank of Jefferson Parish v. M/V Lightning Power, 776 F.2d 1258 (5th Cir. 1985). In this case, the Fifth Circuit described the confirmation of an admiralty auction sale in the following terms: "The bid at the Marshal's auction does not consummate a sale. It is the equivalent of an offer to the court, not accepted until judicially confirmed." Id. at 1261. The auction held August 8, 2016 therefore was an offer to purchase the Vessel, not the actual sale of the Vessel. Instead, the actual sale of the Vessel does not occur until, and if, the sale is confirmed by the Court. In light of the Court's finding herein that the sale of the Vessel for the Sale Price is confirmed, the sale date of the Vessel is the date hereof, and claims made after this Order is entered shall be treated in accordance with Local Admiralty Rule 15.

   C. *The Vessel is sold free and clear of liens and encumbrances.*

The Court, having accepted the Sale Price, and the Sale Price having been received by the Court (except for the cost of the fuel or gas oil aboard which cannot be calculated until physical delivery and the $1,000,000.00 USD presented to and

presently held as security by the Marshal), has the power to deliver the Vessel to Strategic free and clear of all liens, encumbrances or claims against the Vessel pursuant to 46 U.S.C. § 31326. The Vessel was sold pursuant to the Court's Order for Sale, which was entered in this *in rem* action brought to enforce preferred mortgage liens. (Doc. 48.) Accordingly, any claims in the Vessel existing on the date hereof are terminated and the Vessel is sold free of such claims pursuant to 46 U.S.C. § 31326(a).

Those claims terminated pursuant to this Order shall attach in the same amount and in accordance with their priorities to the proceeds of the sale as provided in 46 U.S.C. § 31326(b), and shall have the priority established under subsections 46 U.S.C. § 31326(b)(1) and (2).

NOW THEREFORE, it is hereby **ORDERED**:

(1) That the interlocutory sale of the Vessel, M/V NEWLEAD CASTELLANO, IMO NO. 9686338, her engines, tackle, equipment, furniture, appurtenances, etc., and all necessaries thereto appertaining, to Strategic for the Sale Price, plus the current market price of any fuel or gas oil remaining on board the Vessel at the time of her delivery to Strategic, free and clear of all liens and encumbrances be and hereby is **CONFIRMED**.

(2) That, pursuant to Local Admiralty Rule 15, claims upon the proceeds of sale of the Vessel, except for seaman's wages,

shall be limited to any remnants and surplus of the Sale Price remaining after distribution to lienors who filed their claims before the date hereof.

(3) That, pursuant to 46 U.S.C. § 31326, any claims in the Vessel existing on the date hereof are terminated and the Vessel is sold free of all those claims pursuant to 46 U.S.C. § 31326(a), but those claims terminated pursuant to this Order shall attach in the same amount and in accordance with their priorities to the proceeds of the sale as provided in 46 U.S.C. § 31326(b), and shall have the priority established under 46 U.S.C. § 31326(b)(1) and (2), subject to further order of the Court.

(4) That the Marshal issue three (3) duplicate original Marshal's bills of sale to Strategic transferring the ownership of the Vessel to Strategic, free and clear of all liens and encumbrances of any kind wherever they may be held, with possession of the Vessel, evidenced by a protocol of delivery and acceptance, to Strategic to occur no later than seven (7) days after the date hereof;

(5) That, upon the issuance of the aforementioned bills of sale to Strategic, the Marshal and the court-appointed substitute custodian are hereby relieved of any and all duties previously imposed by Order of this Court with respect to the

Vessel, and are ordered to turn over possession, custody, and control of the Vessel forthwith to Strategic.

(6) That the Marshal shall transfer to the Clerk of Court the funds remaining from the $1,000,000.00 USD presented to the Marshal by Strategic as security for payment of the remainder of its bid, less any costs and/or expenses allowable under the rules and customs of this Court. The Clerk shall deposit this amount in the same interest-bearing account as the $6,400,000.00 USD received by the Court from Strategic on August 11, 2016.

**ORDER ENTERED** at Savannah, Georgia, this 16th day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA