UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | |
|---|---|
| RAY CAPITAL INC., OPPENHEIM CAPITAL LTD, CHEYENNE HOLDINGS LTD. AND LABROY SHIPTRADE LIMITED <br><br> PLAINTIFFS, <br><br> V. <br><br> M/V NEWLEAD CASTELLANO, IMO NO. 9686338 HER ENGINES, TACKLE EQUIPMENT, FURNITURE, APPURTENANCES, ETC., *IN REM*, AND NEWLEAD CASTELLANO LTD. <br><br> DEFENDANTS. | CIVIL ACTION <br> NO. 16-CV-093 |

## MOTION TO INTERVENE

DHL Project & Chartering Limited ("DHL" or "Intervenor"), by and through its attorneys, Brennan Wasden & Painter LLP, pursuant to Rule 24 of the Federal Rules of Civil Procedure, move for the entry of an order granting Intervenors permission to intervene in the above-captioned proceeding for the purpose of participating in discovery ordered and currently pending in this action, and opposing the motion by plaintiffs Ray Capital Inc., Oppenheim Capital Ltd, Cheyenne Holdings Ltd., and Labroy Shiptrade Limited (collectively, "Plaintiffs") for summary judgment on their claims against defendants M/V Newlead Castellano and Newlead Castellano Ltd.  In support of its motion, Intervenor states as follows:

1. On April 19, 2016 Plaintiffs filed suit against Defendants Newlead Castellano Ltd. and the vessel M/V Castellano, *in rem* (the "Vessel").

2. Intervenors have a pending claim against Newlead Castellano Ltd. and certain other Newlead alter ego entities in an action before this Court captioned *DHL Project & Chartering Limited v. Newlead Holdings Ltd.*, *et al.*, No. CV416-123 (S.D. Ga.), which was commenced on May 25, 2016. At the time of filing, because both actions asserted requests for attachment or arrest against the Vessel, the *DHL* case was marked related to this action and assigned to the same judge, the Honorable J. Randal Hall.

3. DHL moved for an order issuing process of maritime attachment against the Vessel pursuant to Supplemental Admiralty Rule B, which was granted by this Court on May 25, 2016. The order and writ of attachment were served on the substitute custodian of the Vessel as required by the order on August 5, 2016. Intervenor has contributed $84,462.20 to the *custodia legis* costs of the substitute custodian following the attachment of the Vessel. A custodian was appointed in the above-captioned case (Dkt. 7) and as such the demand by the custodian, National Maritime Services, for funds from Intervenor as well as Plaintiffs' similar written demand to Intervenor to contribute to *custodia legis* supports DHL's intervention.

4. At the time of the order, the Vessel had also been arrested pursuant to Supplemental Rule C and attached pursuant to Supplemental Rule B by Plaintiffs in the above-captioned action. At the time of filing of Intervenor's Complaint, Plaintiffs and Defendants were engaged in briefing concerning whether the arrest and/or attachment of the Vessel by Plaintiffs should be vacated. This Court initially vacated Plaintiffs' Rule C arrest of the Vessel on July 14, 2016 (Dkt. 47). After briefing on cross-motions for reconsideration, on August 4, 2016 this Court re-instated the arrest of the Vessel (Dkt. 64). There remain serious questions regarding whether the claims of Plaintiffs

invoke admiralty jurisdiction and more importantly, whether Plaintiffs' claims against the substitute *res* are primed by the maritime claims asserted by Intervenor.

5. Pursuant to Order of this Court, the Vessel was sold at judicial auction on August 8, 2016 (Dkt. 66), and the sale was confirmed on August 16, 2016 (Dkt. 75). The sale proceeds were deposited in the Court's registry where they remain.

6. Intervenor is a maritime claimant for damages arising out of breach of a charter party, whose claim now attaches to the proceeds of the sale of the Vessel, currently in the Court's registry, as is more fully explained in the Complaint filed in Case No. CV416-123.

7. Intervenor has a right to intervene in this lawsuit pursuant to Fed. R. Civ. P. 24(a)(2) because Intervenor has an interest in the subject matter of this suit, and the final disposition of the proceeds of the Vessel's sale will impair Intervenor's interest and no existing party adequately represents Intervenor's interests. The amount on deposit in the Court registry is $7,400,000.00, which is less than the claims asserted by both DHL and the Ray Capital Plaintiffs – accordingly, DHL has an interest in the determination of Ray Capital's claims as it directly affects the priority of claims against the proceeds of the sale and ultimate recovery by DHL.

8. Additionally, to the extent that Intervenor has contributed to the *custodia legis* costs of maintaining the Vessel prior to its sale, Intervenor seeks to participate in any request for disbursement of proceeds in this action to reimburse *custodia legis*, which costs have ultimate priority out of the sale proceeds.

9. Further, this intervention is timely as this Court has recently set a schedule for discovery, the briefing in opposition to Plaintiffs' Motion for Summary Judgment is currently due on October 14, 2016, and DHL's intervention will not cause prejudice.

10. Wherefore, Intervenor DHL Project & Chartering Limited respectfully requests that this Court grant its Motion for leave to Intervene and that this Honorable Court award Intervenor such other and further relief as is deemed just and proper.

Dated: September 8, 2016

                                                  Respectfully Submitted,

                                                  BRENNAN WASDEN & PAINTER LLP

By: _____
     William E. Dillard
     State Bar No. 222030
     Travis D. Windsor
     State Bar No. 770441
     *Attorneys for Plaintiff DHL Project & Chartering Limited*

P.O. Box 8047
Savannah, Georgia 31412
(912) 232-6700
FAX (912) 232-0799
bdillard@brennanwasden.com
twindsor@brennanwasden.com
565-6

4