```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF GEORGIA
            SAVANNAH DIVISION
               IN ADMIRALTY
```

RAY CAPITAL INC.; OPPENHEIM     *
CAPITAL LTD.; CHEYENNE HOLDINGS *
LTD.; and LABROY SHIPTRADE      *
LIMITED,                        *
                                *
      Plaintiffs,               *
                                *
            v.                  *     CV 416-093
                                *
M/V NEWLEAD CASTELLANO, IMO NO. *
9686338, her engines, tackle,   *
equipment, furniture,           *
appurtenances, etc., *in rem*,  *
and NEWLEAD CASTELLANO LTD.,    *
                                *
      Defendants.               *

---

**O R D E R**

---

This matter comes before the Court on a motion to intervene by intervenor DHL Project & Chartering Limited ("DHL"). (Doc. 80.) Plaintiffs filed a response in opposition (doc. 85), and DHL filed a reply in support (doc. 89). Accordingly, DHL's motion has been fully briefed and is ripe for the Court's review. For the reasons stated herein, DHL's motion to intervene is **DENIED**.

## I. BACKGROUND

On April 19, 2016, Plaintiffs instituted the instant action by filing a verified complaint with this Court alleging a number of claims against M/V Newlead Castellano, IMO No. 9686338, *in*

*rem* ("Vessel") and Newlead Castellano Ltd. (Doc. 1.) Thereafter, Plaintiffs amended their complaint such that they now assert the following claims: (1) a foreclosure claim pursuant to Ray Capital's promissory note and the Maritime Lien Act and the Ship Mortgage Act, 46 U.S.C. § 31301, *et seq.* ("Act"); (2) a foreclosure claim pursuant to Plaintiffs' preferred mortgages and the Act; (3) a foreclosure claim pursuant to Plaintiff Ray Capital's payment of seamen's wages; and (4) a breach of contract claim pursuant to Plaintiffs' preferred mortgages. (Am. Compl., Doc. 18.) The Court subsequently entered orders directing the issuance of a warrant for the maritime arrest – as well as the issuance of process of maritime attachment and garnishment – of the Vessel.[1] (Docs. 8, 10.)

On May 25, 2016, DHL instituted an independent action, Case No. 4:16-CV-123 (S.D. Ga.), against Defendant Newlead Castellano Ltd. as well as Newlead Holdings Ltd., Newlead Shipping S.A., Newlead Bulkers S.A., Grand Venetico Inc., and Newlead Venetico Ltd ("DHL Action").[2] (DHL Action, Compl., Doc. 1, ¶¶ 21-69.)

---

[1] On May 3, 2016, Defendant Newlead Castellano Ltd. filed a Motion to Vacate Plaintiffs' arrest and attachment of the Vessel. (Doc. 15.) On July 14, 2016, the Court entered an order vacating Plaintiffs' arrest of the Vessel, but denying the vacatur of Plaintiffs' attachment of the Vessel. (Doc. 47.) On August 15, 2016, Plaintiffs filed an Emergency Motion for Reconsideration seeking to reinstate their arrest of the Vessel. (Doc. 49.) On August 4, 2016, the Court reinstated Plaintiffs' arrest of the Vessel. (Doc. 64.)

[2] DHL's complaint in the DHL Action alleges: (1) a breach of contract claim against Newlead Shipping S.A., Newlead Bulkers S.A., and Grand Venetico Inc.; and (2) an alter ego claim against Newlead Holdings Ltd. for its control of

2

The Court subsequently entered an order in the DHL Action directing the issuance of process of maritime attachment and garnishment for seizure of the Vessel.[3] (DHL Action, Doc. 2.)

On July 14, 2016, on Plaintiffs' motion (doc. 28), the Court entered an order directing the interlocutory admiralty sale of the Vessel pursuant to Federal Rule of Procedure, Supplemental Admiralty Rule E(9)(a). (Doc. 48, as subsequently amended in part by the Court's Order dated August 4, 2016, Doc. 65.) The Vessel was sold on August 8, 2016,[4] and the Court entered an order confirming the sale on August 16, 2016. (Docs. 65, 75.)

On July 28, 2016, shortly before the sale of the Vessel, DHL filed a motion to consolidate the DHL Action with the instant action. (DHL Action, Doc. 11.) On August 25, 2016, the Court denied DHL's motion to consolidate on the grounds that the two actions did not present common questions of law or fact. (DHL Action, Doc. 13, at 3-4.) On September 8, 2016, DHL filed the instant motion to intervene in this case. (Doc. 80.)

---

Newlead Shipping S.A., Newlead Bulkers S.A., Defendant Newlead Castellano Limited, Grand Venetico Inc., and Newlead Venetico Ltd. (DHL Action, Compl., Doc. 1, ¶¶ 21-69.)

[3] Notably, DHL states that the dispute underlying the DHL Action "is based on an indemnity claim for an arbitration award which may be issued against DHL in Hong Kong arbitration. Thereafter, DHL will pursue recovery against Newlead Shipping and/or Grand Venetico Inc. in London. [DHL] brings this action solely to obtain *quasi in rem* jurisdiction over [the defendants in the DHL Action] and security for its claims." (DHL Action, Compl. ¶ 71.)

[4] The Vessel was sold to non-party Strategic Shipping, Inc. for a sale price of $7,400.000.00 USD plus the current market price of any fuel or gas oil remaining on board the Vessel at the time of its delivery to Strategic Shipping, Inc. (Doc. 75.)

3

## II. DISCUSSION

A party wishing to intervene may do so through one of two avenues: (1) intervention as of right; or (2) intervention with permission of the court. See FED. R. CIV. P. 24. Intervention as of right requires courts to "permit anyone to intervene who[] . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). Intervention with permission of the court allows courts to "permit anyone to intervene who[] . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Here, DHL seeks to intervene as a matter of right.[5] (Doc. 80 ¶ 7.)

A party seeking to intervene as a matter of right must establish that: (1) its application to intervene is timely; (2) it has an interest relating to the property or transaction which is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or

---

[5] While DHL does not explicitly seek in the alternative to intervene with permission of the court, the Court notes that this avenue is foreclosed to DHL based on the Court's prior finding that the DHL Action and the instant action do not share a commonality of questions of law or fact. (See DHL Action, Doc. 13, at 3-4.)

4

impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit. Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing Athens Lumber Co. v. Federal Election Comm'n, 690 F.2d 1364, 1366 (11th Cir. 1982)). Also, the intervenor must accompany its motion to intervene with "a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c).

In determining the sufficiency of the intervenor's interest, the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding. Worlds v. Dep't of Health & Rehab. Servs., State of Fla., 929 F.2d 591, 594 (11th Cir. 1991) (citing Athens Lumber Co., 690 F.2d at 1366). Therefore, the intervenor must have a "direct, substantial, legally protectable interest in the proceedings." Id. (quotations and citations omitted). The intervenor's interest must be more than just an economic interest; it must be an interest "which the substantive law recognizes as belonging to or being owned by the applicant." Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc., 425 F.3d 1308, 1311 (11th Cir. 2005) ("A legally protectable interest is an interest that derives from a legal right.") (citations omitted).

The reasoning of the Eleventh Circuit in <u>Mt. Hawley Ins. Co.</u>, 425 F.3d at 1311-12, is instructive. In <u>Mt. Hawley Ins. Co.</u>, an insurer filed a declaratory judgment action against insured property owners, claiming that it had no duty to defend or indemnify under the subject insurance policy for a drowning death that occurred on the insureds' property. <u>Id.</u> at 1309-10. After the insurer moved for default judgment against the insureds, the personal representative of the drowned decedent – who had filed a wrongful death action against the insureds – sought to intervene under both Rule 24(a) & (b) in an attempt to argue that the insurer's requested relief should be denied. <u>Id.</u> The Eleventh Circuit held that the applicant's interest was purely economic and insufficient to support intervention. <u>Id.</u> at 1311. The Eleventh Circuit further noted that the applicant's interest was "purely speculative" because it was contingent upon his prevailing against the insureds in the separate wrongful death lawsuit. <u>Id.</u>

Here, DHL's interest in the subject matter of the instant action is purely economic. DHL is not a party to the promissory notes or preferred ship mortgages that form the basis of Plaintiffs' claims, nor does DHL have a legally protectable interest in those instruments. Rather, DHL's argument is that, should Plaintiffs be successful in their action against Defendants, Plaintiffs' liens on the proceeds from the sale of

6

the Vessel will have priority over those of DHL, and therefore there will be less (or no) money available from which DHL can recover on its unrelated claims against Defendant Newlead Castellano Ltd. This argument is near-identical to – if not more flawed than – the argument rejected by the Eleventh Circuit in <u>Mt. Hawley Ins. Co.</u>, and it fails for the same reasons expressed therein. Moreover, while DHL cites non-binding case law for the proposition that a proposed intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund, DHL has provided no support for its conclusory allegation that a Rule B maritime attachment alone creates such a property interest.[6]

DHL's interest is also highly speculative, given that it is contingent upon: (a) a ruling by a Hong Kong arbitration panel

---

[6] DHL's citation to <u>Gaines v. Dixie Carriers, Inc.</u>, 434 F.2d 52 (5th Cir. 1970) is inapposite, as <u>Gaines</u> is easily distinguished on its facts. <u>Id.</u> at 54 (plaintiff's former attorney, with whom plaintiff had signed a contingency fee agreement, was entitled to intervene to protect claimed interest in settlement funds where plaintiff dismissed attorney without cause immediately prior to settlement). DHL's other citations to cases finding an interest in "specific funds" sufficient to entitle intervention are also factually distinguishable. <u>See</u> <u>Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.</u>, 72 F.3d 361, 365-68 (3d Cir. 1995) (condominium owners were entitled to intervene in suit between condominium board and contractor where funds at issue were required to be held in express trust for benefit of condominium owners by Virgin Islands statute and condominium's by-laws); <u>Hardy-Latham v. Wellons</u>, 415 F.2d 674, 676 (4th Cir. 1968) (in a suit to recover a broker's commission on the sale of a business, individuals who claimed they were entitled to a "finder's fee" from the broker's commission were entitled to intervene as they had an interest in both the transaction and the funds that were the subject of the action); <u>U.S. Commodity Futures Trading Comm'n v. Giddens</u>, 2012 WL 603592 at *7 (N.D. Ga. Feb. 24, 2012) (investor was entitled to intervene in suit by United States Commodity Futures Trading Commission against managers of commodity investment pools alleged to have misappropriated multiple investor funds where investor sought return of $80,000.00 he had transferred to managers prior to freezing of assets held by managers and none of the parties objected to intervention).

7

that DHL is liable to its subcharterer, non-party Zheijiang Materials Industry Fuel Groups Co. Ltd. ("Zheijiang") (DHL Action, Compl. ¶¶ 15-20); (b) a finding that non-parties Newlead Shipping, S.A., Newlead Bulkers S.A., and Grand Venetico Inc. are contingently obligated to indemnify DHL in connection with Zheijang's claims against DHL (id. ¶¶ 21-26); (c) a finding that Defendant Newlead Castellano Ltd. and at least one of Newlead Shipping, S.A., Newlead Bulkers S.A. or Grand Venetico Inc. are the alter egos of non-party Newlead Holdings Ltd. (or that Defendant Newlead Castellano Ltd. is the successor-in-interest to Grand Venetico Inc.) to such a degree as to make Defendant Newlead Castellano Ltd. liable for DHL's aforementioned contingent liability claims (id. ¶¶ 27-69); and (d) a finding that DHL's *quasi in rem* Rule B attachment of the Vessel was proper based on DHL's aforementioned claims (id. ¶¶ 70-75). Each of these aforementioned events have yet to occur, and in fact may never occur. As DHL's interest is contingent upon the outcome of other pending litigation, it is not a legally protectable interest that would support intervention as of right. See Mt. Hawley Ins. Co., 425 F.3d at 1311 n. 6.

Because DHL has not demonstrated it has a sufficient interest relating to the property or transaction which is the subject of this action, the Court need not further analyze DHL's request to intervene. See Chiles, 865 F.2d at 1213.

Accordingly, DHL's motion to intervene (doc. 80) is **DENIED**. Because DHL has been denied intervention, DHL's motion to authorize *in custodia legis expenses* (doc. 90) is **DENIED AS MOOT**.[7]

**ORDER ENTERED** at Augusta, Georgia, this 4th day of October, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[7] DHL is not precluded, however, from pursuing recovery of its *in custodia legis* expenses by properly moving for an order authorizing these expenses in the DHL Action.

9