UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | |
|---|---|
| RAY CAPITAL INC., OPPENHEIM CAPITAL LTD, CHEYENNE HOLDINGS LTD. AND LABROY SHIPTRADE LIMITED<br><br>PLAINTIFFS,<br><br>V.<br><br>M/V NEWLEAD CASTELLANO, IMO NO. 9686338 HER ENGINES, TACKLE EQUIPMENT, FURNITURE, APPURTENANCES, ETC., *IN REM*, AND NEWLEAD CASTELLANO LTD.<br><br>DEFENDANTS. | CIVIL ACTION<br>NO. 16-CV-093 |

### DECLARATION OF JAMES H. POWER IN SUPPORT OF DHL PROJECT & CHARTERING LIMITED'S EMERGENCY MOTION FOR STAY PENDING APPEAL

JAMES H. POWER, an attorney admitted to practice in the State of New York, and admitted to this Court *pro hac vice* in the related action (16-cv-123) on behalf of DHL, declares under penalty of perjury:

1.  I am a member of the law firm of Holland & Knight LLP, New York attorneys for DHL Project & Carriers Limited ("DHL" or "Intervenor"). I am fully familiar with the facts of the above captioned case as well as the case captioned styled *DHL Project & Chartering Limited v. Newlead Holding Ltd.*, No. 16-cv-123 and, unless stated otherwise, the statements made herein are based on personal knowledge.

2. I submit this affidavit in support of Intervenor's Emergency Motion for Stay Pending Appeal.

3. Intervenor filed its Motion for the purpose of participating in the litigation of Plaintiffs' claims against the vessel M/V Newlead Castellano (the "Vessel"), in order to determine the priority of claims to the funds on deposit in the Court's registry as a result of the sale of the Vessel on August 8, 2016. Intervenor has filed a separate action styled *DHL Project & Chartering Limited v. Newlead Holdings Ltd, et al.*, Case No. 16-cv-123 (S.D. Ga.) in which it sought, obtained and served an order and writ of attachment on the Vessel, thereby attaching the Vessel (and thereafter the funds which stand as a substitute *res*) as security for its claims against the Defendants for breach of a charter party.

4. Attached hereto as Exhibit 1 is a Notice of Arbitration dated September 2, 2016 sent by DHL's English counsel to defendants Grand Venetico Inc. and Newlead Shipping SA. DHL expects that a prompt determination on the liability of the Newlead Defendants will be made within approximately 3-5 months.

5. On October 4, 2016, this Court denied DHL's motion to intervene, stating that it did not have a sufficient protectable interest allowing DHL to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). Dkt. 94. DHL filed a Notice of Interlocutory Appeal pursuant to 28 U.S.C. § 1292(a)(3) (Dkt. 98), and requests a stay pending appeal of Plaintiffs' claims against Defendants, as well as a stay enjoining the disbursement of the funds on deposit in the Court registry during the pendency of DHL's appeal. If this Court grants Plaintiffs' pending Motion for Summary Judgment unopposed or otherwise enters default against the Defendants (who are currently unrepresented in this action) (*see* Dkt. 95), Intervenor will be irreparably harmed as it

#48270849_v1

will be unable to establish its priority claim to the funds by challenging Plaintiffs' claims, and there will be no assets left in the Court registry against which to recover.

6. On September 12, 2016, the Court granted Plaintiffs' motion to disburse *custodia legis* fees incurred in connection with the arrest and attachment of the Vessel, in the amount of $695,370.37. Dkt. 81. On October 7, 2016 the Court approved another $9,320.54 of *custodia legis* expenses. Dkt. 97. Intervenor does not oppose the disbursement of these amounts to Plaintiffs.

7. Intervenor submits in its Memorandum of Law, filed concurrently, that it has a likelihood of success on the merits and that stays pending appeal are typically granted in maritime attachment contexts in order to maintain the *status quo* and ensure recovery following an appeal.

8. Attached hereto as Exhibit 2 is a true and correct copy of Judge Gardephe's order granting a stay pending appeal in *Scanscot Shipping Services (Deutschland) GmbH v. Metales Tracomex Ltd.*, No. 08-cv-7505 (PGG) (S.D.N.Y. Dec. 23, 2009).

9. Attached hereto as Exhibit 3 is a true and correct copy of Judge Rakoff's order granting a stay pending appeal in *Panamax Bulk AS v. Dampskibsselskabet Norden AS*, No. 08-cv-8601 (JSR) (S.D.N.Y. December 7, 2009).

10. Attached hereto as Exhibit 4 is a true and correct copy of Judge Jones' order granting a stay pending appeal in *Carolina Shipping Ltd. v. Renaissance Ins. Group Ltd.*, No. 08-cv-4711 (BSJ) (S.D.N.Y. Sept. 10, 2008).

11. Attached hereto as Exhibit 5 is a true and correct copy of *Centauri Shipping Ltd. v. Western Bulk Carriers KS*, No. 07-cv-4761 (S.D.N.Y. Oct. 12, 2007).

12. Attached hereto as Exhibit 6 is a true and correct copy of the Second Circuit Court of Appeals' docket in the matter of *Eitzen Bulk A/S v. Capex Industries A/S*, No. 09-1987-cv, which

#48270849_v1

demonstrates that on June 9, 2009, the Second Circuit Court of Appeals granted appellant Eitzen Bulk A/S's motion for a stay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2016

                                                        _____
                                                           James H. Power

#48270849_v1