# EXHIBIT 2

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-23-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCANSCOT SHIPPING SERVICES
(DEUTSCHLAND) GMBH,

                                        Plaintiff,

        - against -

METALES TRACOMEX LTDA,

                                        Defendant.

08 Civ. 7505 (PGG)

ORDER

PAUL G. GARDEPHE, U.S.D.J.:

On December 9, 2009, this Court entered an order vacating the order of attachment issued in this case pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty Maritime Claims of the Federal Rules of Civil Procedure and dismissing the action without prejudice in light of the Second Circuit's decision in Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009). On December 21, 2009, Plaintiff filed a motion for a stay preventing the release of the previously attached funds pending appeal of the December 9 Order. On December 23, 2009, Plaintiff filed a notice of appeal of the December 9 Order.

The Second Circuit has stated that four factors should be weighed in deciding a motion for a stay pending appeal under Fed. R. Civ. Pro. 62(c): "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." Hirschfeld v. Board of Elections, 984 F.2d 35, 39 (2d Cir.1993) (citing Dubose v. Pierce, 761

F.2d 913, 920 (2d Cir. 1985)).  See also Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006);
Gordon v. United States, 58 F.3d 855, 856 (2d Cir. 1995).

Courts treat these factors "somewhat like a sliding scale." Thapa, 460 F.3d at
334. "[T]he necessary 'level' or 'degree' of possibility of success will vary according to the
court's assessment of the other stay factors." Id. (quoting Mohammed v. Reno, 309 F.3d 95,
101 (2d Cir. 2002); see also United States v. Visa U.S.A., Inc., No. 98-cv-7076, 2007 WL
2274866 (S.D.N.Y. Aug. 7, 2007).  Moreover, "[i]ssuance of a stay pending appeal is
discretionary and equitable. . . ." Hayes v. City Univ. of New York, 503 F. Supp. 946, 962
(S.D.N.Y. 1980).

As to the first factor – whether the Plaintiff here will suffer irreparable injury –
the record is not clear.  Plaintiff alleges that if the funds are released, it may be unable to
collect any eventual award it obtains in the underlying arbitration.  In support of this
allegation, Plaintiff contends only that "Defendant is a maritime company with little to no
connection to this forum, and will certainly take steps to ensure that its property is immune
from execution. . . ."  (Pltf. Br. 9-10)  Defendant, however, has done little to counter this
claim beyond asserting that it is "a well established international dealer in scrap metal with
fixed business locations easily identifiable to Plaintiff." (Def. Br. 3)  The Second Circuit has
granted stays in maritime cases similar to the instant action where the loss of provisional
security is the alleged irreparable harm.  See, e.g., Eitzen Bulk A/S v. Capex Indus., No. 09-
1987-cv (2d Cir. June 9, 2009); Centauri Shipping Ltd. v. Western Bulk Carriers KS, No. 07-
4193-cv (2d Cir. Jan. 30, 2008).

The second factor to be considered in deciding a motion for a stay pending
appeal is whether a party will suffer substantial injury if a stay is issued.  Defendant claims

that it will be damaged by the granting of a stay because the funds at issue have "been wrongfully attached for more than a year now." (Def. Br. 3) This Court has clearly held that the funds were wrongly attached in light of the Second Circuit's decision in <u>Shipping Corp. of India</u>. (Dec. 9, 2009 Order) However, the harm Defendants claim – the validity, or lack thereof, of the attachment – is precisely what is at issue on appeal. Defendants allege no independent source of harm that would result from a stay. In light of the fact that the funds in this case have been attached since September 2008, it is not clear what additional harm would result from the granting of Plaintiff's request for a stay.

The third factor that should be weighed in deciding a motion for a stay pending appeal is whether there is a substantial possibility of success on appeal. Plaintiff argues that application of <u>Shipping Corp. of India</u> and <u>Hawknet Ltd. v. Overseas Shipping Agencies</u>,[1] No. 09-2128-cv, 2009 WL 3790654 (2d Cir. Nov. 13, 2009), to this case is inappropriate. (Pltf. Br. 4-7) This Court rejected the Plaintiff's position in ordering that the case be dismissed. As outlined in the December 9 Order, this case falls squarely within the holding of <u>Shipping Corp. of India</u>; the funds attached took the form of Electronic Fund Transfers being processed by an intermediary bank, which the Second Circuit has held "are not subject to attachment under Rule B." <u>Shipping Corp. of India</u>, 585 F.3d at 72. However, the issues raised by Plaintiff in its opposition to dismissal of the action, which will be renewed on appeal, are no less substantive than those raised in other cases in which the Court has granted a stay – including <u>Centauri</u>, No. 07-4193-cv (January 30, 2008).

---

[1] In <u>Hawknet</u>, the Second Circuit held that <u>Shipping Corp. of India</u> applies retroactively because it is a "jurisdictional ruling" and "by definition, a jurisdictional ruling may never be made prospective only." 2009 WL 3790654, at *2.

As to the last factor to be considered in deciding a motion for a stay pending appeal, neither side has made a convincing case that the public interest supports their position.

In addition to considering these four factors, this Court has also taken note of the recent trend in the Second Circuit with respect to stays in connection with appeals of vacatur orders.  The Second Circuit has repeatedly granted stays in this context, and has overruled district courts in the process.  Centauri, No. 07 Civ. 4193, (2d Cir. January 30, 2008); see also Eitzen Bulk A/S, No. 09-1987-cv (2d Cir. June 9, 2009); Shipping Corp. of India Lt. v. Jaldhi Overseas Pte Ltd., No. 08-3477-cv (2d Cir. Oct. 15, 2008); Carolina Shipping Ltd. v. Renaissance Ins. Group Ltd., No. 08- 4711-cv, 2009 WL 256001 (S.D.N.Y. Sept. 10, 2008).

Therefore, IT IS HEREBY ORDERED that the motion for a stay pending appeal is GRANTED.

Dated: New York, New York
      December 23, 2009           SO ORDERED.

                                            Paul G. Gardephe
                                            United States District Judge