**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY**

RAY CAPITAL INC.; OPPENHEIM     *
CAPITAL LTD.; CHEYENNE HOLDINGS *
LTD.; and LABROY SHIPTRADE    *
LIMITED,                      *
                          *
     Plaintiffs,         *
                          *
       v.            *      CV 416-093
                          *
M/V NEWLEAD CASTELLANO, IMO NO. *
9686338, her engines, tackle,  *
equipment, furniture,       *
appurtenances, etc., *in rem*,  *
and NEWLEAD CASTELLANO LTD.,   *
                          *
     Defendants.         *

---

### O R D E R

---

This matter comes before the Court on a motion to stay pending interlocutory appeal by attempted-intervenor DHL Project & Chartering Limited ("DHL"). (Doc. 99.) Plaintiffs filed a response in opposition. (Doc. 104.) For the reasons stated herein, DHL's motion to stay pending interlocutory appeal (doc. 99) is **DENIED**.

On September 8, 2016, DHL filed a motion to intervene in this case pursuant to Federal Rule of Civil Procedure Rule 24(a). (Doc. 80.) On October 5, 2016, the Court denied DHL's motion to intervene on the grounds that DHL had failed to demonstrate a sufficient interest relating to the property or

transaction which is the subject of this action.  (Doc. 94.)  On October 11, 2016, DHL filed its Notice of Interlocutory Appeal and its instant motion to stay.[1]  (Docs. 98, 99.)  On November 2, 2016, the Eleventh Circuit Court of Appeals entered an Order denying DHL's "Emergency Motion to Stay Pending Appeal and for an Interim Order Pending the Decision on the Stay Application." (Doc. 107.)

"A stay is not a matter of right," but rather is "an exercise of judicial discretion" whose propriety "is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926)).  In determining whether to issue a stay pending appeal, a court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  The first two factors "are the most critical," and the party

---

[1] On October 14, 2016, Plaintiffs filed a motion to vacate DHL's Rule B attachment and garnishment of the Vessel in the matter of *DHL Project & Chartering Limited v. Newlead Holdings Ltd.*, et al., Case No. 4:16-CV-123 (S.D. Ga.) (the "DHL Action").  (DHL Action, Doc. 16.)  On November 18, 2016, the Court granted Plaintiffs' motion to vacate on the grounds that DHL had failed to demonstrate a *prima facie* entitlement to attachment and has failed to satisfy the applicable and federal rules.  (DHL Action, Doc. 24.)

requesting the stay must demonstrate more than a "mere possibility" of relief or irreparable harm. Id. at 434-35 (citations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." Id. at 433-34 (citations omitted). A stay of proceedings pending an interlocutory appeal is the exception, not the rule. Fitzgerald v. Compania Naviera La Molinera, 394 F. Supp. 402, 412 (E.D. La. 1974).

Here, the Court finds that DHL is unlikely to succeed on the merits of its appeal and that DHL does not have a substantial case on its merits. In order to obtain a stay, an applicant generally must demonstrate "a probable likelihood of success on the merits on appeal." Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986). Where the balance of the other factors weighs heavily in favor of granting a stay, however, the applicant's request may be granted on a lesser showing of "substantial case on the merits." Id. Here, the merits of DHL's appeal concern this Court's finding in its Order dated October 5, 2016 that DHL had failed to demonstrate a sufficient interest relating to the property or transaction which is the subject of this action to justify its request to intervene as matter of right under Federal Rule of Civil Procedure 24(a). (See Doc. 94.) Specifically, this Court found that DHL's interest in the subject matter of the instant action is: (a)

3

purely economic given that DHL is not a party to – nor does it have a legally protectable interest in – the promissory notes or preferred ship mortgages that form the basis of Plaintiffs' claims; and (b) highly speculative given that DHL's interest is contingent upon the outcome of other pending litigation. (Id. at 6-8 (citing Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc., 425 F.3d 1308, 1311 (11th Cir. 2005)).)

Nevertheless, DHL argues that it is likely to prevail on appeal because it allegedly has a limited property right and/or security interest in the Defendant vessel, M/V Newlead Castellano, IMO No. 9686338 (the "Vessel") (and any substitute res thereof) as a result of the Rule B attachment it obtained in its own action, DHL Project & Chartering Limited v. Newlead Holdings Ltd., et al., Case No. 4:16-CV-123 (S.D. Ga.) (the "DHL Action"). Given that the Court recently vacated the Rule B attachment granted to DHL in the DHL Action, however, any property right and/or security interest that DHL may have had in the Vessel flowing from said attachment is no longer in existence. (See DHL Action, Doc. 24.) As such, DHL's basis for intervention is now even weaker than when this Court originally denied intervention.

Moreover, the Court finds it unlikely that DHL will suffer an irreparable injury absent a stay. As admitted by DHL in its motion to intervene, DHL desires to intervene in the present

4

case "for the purpose of . . . opposing the motion by [Plaintiffs] for summary judgment on their claims against [Defendants]." (Doc. 80, at 1.) Plaintiffs' claims against Defendants, however, are based on alleged breaches of – and seek to foreclose on – promissory notes and mortgages between Plaintiffs and Defendants to which DHL is not a party. (See Doc. 18.) A stranger to a contract generally lacks standing to challenge the validity of that contract or otherwise advance any defenses on behalf of the parties thereto. See Frontier Acceptance Corp. v. United Freight Forwarding Co., 286 F. Supp. 367, 370 (D.N.J. 1968) (In admiralty suit between seller and buyer of a vessel based upon defaulted notes and security instruments related to the vessel, intervenor who claimed maritime lien for overhaul, service and repair of the vessel had no legal standing or status to challenge the financial instruments or advance any defenses on behalf of defendant purchaser as against seller since intervenor was a stranger to the financial instruments). Thus, whether or not DHL is allowed to intervene, DHL will not be entitled to challenge the validity of the financial instruments upon which Plaintiffs' motion for summary judgment relies or otherwise advance defenses on behalf of Defendants in relation to the alleged breach of those financial instruments. As such, DHL will be in the same

position regardless of the outcome of its appeal, and thus cannot be said to suffer an irreparable injury absent a stay.

For the foregoing reasons, DHL's emergency motion for stay pending appeal (doc. 99) is **DENIED**.[2]

**ORDER ENTERED** at Augusta, Georgia, this ___18th___ day of November, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] As a matter of housekeeping, the Court notes that there are several pending motions or other filings on the present case's docket that have been resolved or rendered unnecessary by the actions of the Court or the passage of time. (Docs. 60, 68, 82; see also Docs. 75, 94; DHL Action, Doc. 11.)  Accordingly, the Clerk is **DIRECTED** to **TERMINATE** (a) DHL's motion to consolidate (doc. 60); (b) Plaintiffs' motion for confirmation hearing (doc. 68); and (c) DHL's motion for expedited briefing schedule (doc. 82).