IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

RAY CAPITAL INC.; OPPENHEIM
CAPITAL LTD.; CHEYENNE HOLDINGS
LTD.; and LABROY SHIPTRADE
LIMITED,

    Plaintiffs,

    v.

M/V NEWLEAD CASTELLANO, IMO NO.
9686338, her engines, tackle,
equipment, furniture,
appurtenances, etc., *in rem*,
and NEWLEAD CASTELLANO LTD.,

    Defendants.

CV 416-093

# O R D E R

On September 27, 2017, DHL Project & Chartering Limited ("DHL") filed its Emergency Motion for Stay Pending Appeal and to Approve *Supersedeas* Bond. (Doc. 131.) Therein, DHL requests that the Court "stay or enjoin distribution of the vessel sale proceeds up to the amount of $[2,371,491.15], currently on deposit with the [Court's] Registry in this action during the pendency of DHL's appeals." (Id. at 2.) DHL also requests therein that the Court "approve a *supersedeas* bond in an amount representing four and one quarter percent (4.25%) per annum of the total amount of DHL's claim to the amount on deposit in the

Court['s Registry] ($2,371,491.15), pursuant to Fed. R. Civ. P. 62(d)."[1] (Id.) In an Order dated September 28, 2017, the Court, *inter alia*, deferred ruling on DHL's motion "until the Court has had an opportunity to consider any argument or evidence submitted by Plaintiffs as to the propriety of the supersedeas bond proffered by DHL."[2] (Doc. 134, at 3.) On October 11, 2017, Plaintiffs filed their response to DHL's motion arguing that, *inter alia*, DHL should be required to post a supersedeas bond in an amount between $1,325,229.13[3] and $2,758,640.26.[4] (See Doc. 137, at 12-15.)

Pursuant to Federal Rule of Civil Procedure 62(d), an appellant may obtain a stay by giving a *supersedeas* bond.[5] "The

---

[1] *i.e.*, a *supersedeas* bond in the amount of $100,788.37.
[2] The Court also stayed in part the execution on the Judgment entered September 13, 2017, in the amount of $2,371,491.15. (See Doc. 134, at 3-4; see also Doc. 129-2.) The Court also instructed Plaintiffs and their counsel that, to the extent that the Clerk of Court had already distributed the funds remaining in the Court's registry to Plaintiffs without retaining the aforementioned $2,371,491.15, they were to pay that amount into the Court's Registry immediately. (See Doc. 134, at 4 n.3.) On October 10, 2017, the Clerk entered notice on the record that Plaintiffs' counsel had deposited $2,371,491.15 in the Court's Registry. (See Doc. 136.)
[3] This figure consists of an alleged deficiency claim that may be pursued by Plaintiffs in the amount of $1,068,390.12, one-year's interest on that amount at a rate of 10% per annum (*i.e.*, $106,839.01), plus $150,000.00 in estimated legal fees. (See Doc. 137, at 15.)
[4] This figure consists of the entire amount DHL seeks to restrain on appeal (*i.e.*, $2,371,491.15), one-year's interest on that amount at a rate of 10% per annum (*i.e.*, $237,149.11), plus $150,000.00 in estimated legal fees. (See Doc. 137, at 14-15.)
[5] See Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."); see also LAdR 13, SDGa. ("Except as provided in Rule LAdR 11, no execution of judgment shall issue nor shall seized property be released pursuant to judgment or order of dismissal, until fourteen days after its entry. Upon filing of a motion for new trial or notice of appeal or motion to set aside default within said fourteen-day

2

purpose of a *supersedeas* bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986) (citations omitted). "A party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Rule 62(d)." Allen v. Baptist Vill., Inc., 2007 WL 1430314, at *1 (S.D. Ga. May 14, 2007) (internal quotation marks and alterations omitted) (quoting Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S.Ct. 1, 3 (1966)); see also In re Fed. Facilities Realty Tr., 227 F.2d 651, 655 (7th Cir. 1955) ("[O]n a timely application for a *supersedeas*, the function of the court is limited to a determination whether the conditions of the bond conform to the requirements of Rule 73(d) and whether the sureties thereon are adequate,— it may approve or disapprove the bond. But if it approves, the stay follows automatically under the last sentence of Rule 62(d), and the court has no discretion in the matter."). "The amount of the *supersedeas* bond should cover the potential judgment, appeal costs, interest, and damages for delay." Caviness v. Holland, 2012 WL 12930586, at *2 (S.D. Ga. Jan. 13, 2012) (citations omitted).

---

period, a further stay shall exist for a period not to exceed thirty days from the entry of judgment or dismissal to permit the entry of an order fixing the amount of a supersedeas bond and the filing of same.").

Here, DHL has offered a *supersedeas* bond in the amount of $100,788.37[6] in connection with its request to stay the distribution of $2,371,491.15 from the Court' Registry to Plaintiffs in connection with the Judgment entered on September 13, 2017 (doc. 129-2) pending the resolution of DHL's appeal in this matter. (See Doc. 131, at 2, 17-19.) The Court, however, finds that the amount presently proffered by DHL is insufficient for several reasons.

First, the interest rate that DHL has proposed, four and one-quarter percent (4.25%), is not a fair metric of the damages that Plaintiffs will suffer by staying execution on the Judgment in part. Notably, the interest rate associated with the financing transactions upon which Plaintiffs' underlying claims were based was "ten percent (10%) per annum, computed daily and on the basis of the actual number of days elapsed and a year of 365 days." (See Docs. 18-1 through 18-4.) These financing transactions were entered into between December 23, 2013 and May 26, 2015. (Id.) Notably, the twelve-month U.S. Dollar London InterBank Offered Rate ("LIBOR") interest rate was approximately 0.5836% as of December 23, 2013 and approximately 0.7568% as of May 26, 2015; the same rate was approximately 1.7123% as of September 13, 2017 (*i.e.*, the date that Judgment was entered in

---

[6] *i.e.*, 4.25% of $2,371,491.15.

Plaintiffs' favor in this matter).[7] (See ICE Benchmark Administration Limited (IBA), 12-Month London Interbank Offered Rate (LIBOR), based on U.S. Dollar, retrieved from Federal Reserve Bank of St. Louis, https://fred.stlouisfed.org/series/USD12MD156N, October 13, 2017.) The one-year treasury bill secondary market rate was approximately 0.13% as of December 23, 2013 and approximately 0.22% as of May 26, 2015; the same rate was approximately 1.25% as of September 13, 2017. (See Board of Governors of the Federal Reserve System (US), 1-Year Treasury Bill Secondary Market Rate, retrieved from Federal Reserve Bank of St. Louis; https://fred.stlouisfed.org/series/TB1YR, October 13, 2017.) Accordingly, all other factors the same, the interest rate that Plaintiffs could obtain on the open market were they to engage in a similar financing transaction should be equal to or greater than the interest rate they obtained at the time they entered into the original underlying financing transactions. By staying execution of Judgment in this matter, Plaintiffs will be precluded from entering into a similar financing transaction with the funds restrained. Accordingly, the Court will require that the interest component of the *supersedeas* bond that may be

---

[7] "The London InterBank Offered Rate (LIBOR) is a benchmark interest rate disseminated by the British Bankers' Association based on the rate at which certain banks predict they can borrow funds. LIBOR is a reference point in determining interest rates for financial instruments in the United States and globally." Gelboim v. Bank of Am. Corp., 135 S. Ct. 897, 903 (2015).

filed in this matter be set at ten percent (10%) per annum, compounded daily, so as to account for the damages suffered by Plaintiffs by the stay contemplated hereby.

Second, even at this adjusted interest rate, the resulting bond amount would still be insufficient to account for damages that may be suffered by Plaintiffs by a stay of execution on the Judgment entered in their favor. Here, the Judgment entered in Plaintiffs' favor was for the collective sum of $7,751,259.00. (See Doc. 129-2.) The total amount of funds held in the Court's Registry in relation to this matter at the time of the Judgment's entry was $6,682,868.88. Plaintiffs have indicated their intent to pursue a deficiency judgment for the difference between these figures (*i.e.*, $1,068,390.12). (See Doc. 117, at 4.) As a practical matter, Plaintiffs will be prevented from pursuing that deficiency judgment during the pendency of DHL's present appeal. Because this delay in pursuing a deficiency judgment may allow for the dissipation of assets from which that deficiency judgment could be collected, the Court will require DHL to post a bond that accounts for the frustration of that potential deficiency judgment. The Court will not require DHL, however, to post a bond that includes an amount representing the funds presently held in the Court's Registry in connection with this matter (*i.e.*, $2,371,491.15) precisely because such funds are presently held in the Court's Registry for safe-keeping and

therefore there is no risk that Plaintiffs will be unable to collect on those funds should they be successful on appeal.

Finally, the bond amount proposed by DHL does not account for Plaintiffs' anticipated costs on appeal, including their attorney's fees and costs. Notably, the relevant mortgages held by Plaintiffs provide that Defendant Newlead Castellano Ltd. is obligated to pay "the amount of all costs and expenses (including legal fees) incurred by the [respective] Mortgagee in connection with the enforcement of, or the preservation of any rights under, any Finance Document . . . ."[8] (See Doc. 18-6, at 10, 72, 132, 164-65.) This obligation is binding on Newlead Castellano Ltd.'s successors and assigns. (See id. at 27, 90, 150, 182.) DHL asserts that it is the assignee of Newlead Castellano Ltd. (See Doc. 118-1, at 2, 6.) Accordingly, Plaintiffs are entitled to have their anticipated attorney's fees incurred during DHL's appeal included as a part of any *supersedeas* bond entered in this matter. See Matthew Focht Enterprises, Inc. v. Lepore, 2015 WL 11199069, at *4 (N.D. Ga. Sept. 3, 2015) ("[B]ecause Defendant is entitled to recover his attorneys' fees incurred during Plaintiff's appeal, the Court likewise must require security in excess of the underlying judgment."); Avirgan v. Hull, 125 F.R.D. 185, 188 (S.D. Fla.

---

[8] "Finance Document" is defined under the mortgages as "the Note, the Guarantee, th[e] Mortgage, [or] any other document which may at any time be executed by any person as security for the payment of all or any part of the Indebtedness . . . ." (Doc. 18-6, at 6, 68, 128, 160-61.)

7

1989) ("The bond amount should also include attorneys' fees the defendants will incur on appeal."). While Plaintiffs argue that $150,000.00 is a reasonable estimate of its appeal costs and expenses (including attorney's fees), the Court finds that $100,000.00 is a more reasonable estimate of these costs and expenses.

Accordingly, upon the foregoing and due consideration, **IT IS HEREBY ORDERED** that DHL's Emergency Motion for Stay Pending Appeal and to Approve *Supersedeas* Bond (doc. 131) is **GRANTED IN PART, DENIED IN PART;** more specifically, any request therein to stay execution of the Judgment pending appeal absent the posting of a sufficient *supersedeas* bond is **DENIED,** but the request therein to stay execution of the Judgment pending appeal with the posting of a sufficient *supersedeas* bond – the specific contours of which are set forth below – is **GRANTED. IT IS FURTHER ORDERED** that the temporary stay of execution entered in this matter pursuant to the Court's Order dated September 28, 2017 (doc. 134, at 3-4) **SHALL EXPIRE** at **5:01 p.m. EST on October 30, 2017** without further notice or judicial action.

**IT IS FURTHER ORDERED** that, in order to stay execution of the Judgment pending appeal, DHL **MUST** post and file with the Clerk of this Court a *supersedeas* bond in the amount of $1,417,766.13 **on or before 5:00 p.m. EST on Monday, October 30,**

2017.[9] The aforementioned *supersedeas* bond **MUST** have as surety a corporation that: (i) is authorized to do business in the State of Georgia; (ii) is authorized to execute surety bonds under 31 U.S.C. §§ 9304-08; and (iii) agrees to undertake as security – and assume liability for – the full amount of the potential deficiency claim, appeal costs and expenses, interest, and damages for delay, in the amount of $1,417,766.13. Upon DHL's timely filing of the aforementioned *supersedeas* bond as instructed, this matter **SHALL** be stayed pending DHL's presently-pending appeal. The filing of a motion for reconsideration pursuant to Rules 59(e) or 60(b) with regards to this Order **SHALL NOT** alter DHL's obligations to post the *supersedeas* bond in the timeframe or amount imposed hereby.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of October, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[9] This figure is comprised of: (i) $1,068,390.12 (Plaintiffs' deficiency claim); (ii) $249,376.01 (one-year's interest on $2,371,491.15 at 10% per annum, compounded daily); and (iii) $100,000.00 (Plaintiffs' anticipated appellate costs, including attorney's fees). Because of the contingent nature of Plaintiffs' deficiency claims, the Court has not included interest on any potential resulting deficiency judgment in its calculations.

9