IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

RAY CAPITAL INC.; OPPENHEIM  
CAPITAL LTD.; CHEYENNE HOLDINGS  
LTD.; and LABROY SHIPTRADE  
LIMITED,

    Plaintiffs,

    v.

M/V NEWLEAD CASTELLANO, IMO NO.  
9686338, her engines, tackle,  
equipment, furniture,  
appurtenances, etc., *in rem*;  
NEWLEAD CASTELLANO LTD.; and  
DHL PROJECT & CHARTERING LTD.,

    Defendants.

CV 416-093

**O R D E R**

Before the Court is Plaintiffs' motion for administrative relief. (Doc. 148.) The instant action arises out of several financing transactions and related financing instruments entered into between Plaintiffs and defendants M/V Newlead Castellano, IMO No. 9686338 (the "Vessel") and Newlead Castellano Ltd. ("NCL", and together with the Vessel, "Defendants"). On March 20, 2017, the Court entered summary judgment in favor of Plaintiffs against Defendants. (Doc. 116 (the "Summary Judgment Order").) Before entering final judgment in Plaintiffs' favor,

however, the Court ordered Plaintiffs to "perfect the record with admissible evidence with regards to the balance of their claims against Defendants through [March 20, 2017], including an itemization of the principal, interest, and costs and expenses each Plaintiff claims under its respective instruments" by no later than March 30, 2017. (Id. at 17.) The Court also ordered Defendants to show cause, by no later than March 30, 2017, as to why their counterclaim for wrongful arrest against Plaintiffs should not be dismissed with prejudice and this case closed. (Id. at 18.) On March 21, 2017, Plaintiffs filed a supplemental brief outlining the balance of their claims against Defendants and evidence in support thereof. (Doc. 117.) On March 30, 2017, DHL Project & Chartering Limited ("DHL") filed a motion wherein it: (i) renewed its prior attempts to intervene in the present action; (ii) sought reconsideration of the grant of summary judgment in favor of Plaintiffs; and (iii) purported to respond to the Court's order to show cause directed towards Defendants. (Doc. 118.)

On September 13, 2017, the Court entered an Order whereby it, *inter alia*: (i) granted DHL's renewed motion for intervention to the extent it was a motion for substitution pursuant to Rule 25(c) (thereby adding DHL as an additional defendant); (ii) denied DHL's motion for reconsideration; and (iii) directed the Clerk to enter final judgment in favor of

2

Plaintiffs and close this case. (Doc. 128 (the "Reconsideration Order").) Notably, in adding DHL as an additional defendant in this matter, the Court stated that it did so "with the express understanding that DHL's rights and obligations upon being added to this case are derived from those assigned to it by NCL and nothing more."[1] (Id. at 18, 32 n. 25.) That same day, the Clerk of this Court entered judgment in favor of Plaintiffs. (See Doc. 129-2 (the "Original Judgment").) On September 27, 2017, DHL appealed the Reconsideration Order to the United States Court of Appeals for the Eleventh Circuit. (Doc. 130.) DHL subsequently moved for the voluntary dismissal of its aforementioned appeal and the Eleventh Circuit entered the appeal as dismissed on February 27, 2018. (See Doc. 142.)

On March 9, 2018, Plaintiffs filed a motion to amend, seeking to amend the Original Judgment so as "to reflect the monies recovered by Plaintiff[s] and to quantify the attorney's fees incurred by Plaintiff[s] so that they may also be added to the [Original J]udgment." (Doc. 143, at 1.) On March 19, 2018,

---

[1] In the Reconsideration Order, the Court denied DHL's motions to intervene in this matter on the grounds that DHL was not a party to the financing instruments that formed the basis of Plaintiffs' claims against Defendants and DHL had failed to demonstrate that it otherwise had a "sufficient interest relating to the property or transaction which is the subject of the present action." (See Doc. 128, at 14-15.) Because DHL claimed that it was "assignee of NCL's defenses and counterclaims and ownership interest in the Proceeds" from the Court's interlocutory sale of the Vessel, however, the Court construed DHL's request to intervene as a request to substitute pursuant to Federal Rule of Civil Procedure 25(c) and added DHL as an additional defendant. (Id. at 16-18 (internal quotations and alterations omitted) (citing Doc. 118, at 6-7; and Doc. 118-1 at 4-14, ¶ 2(B)).)

3

the Court: (i) adopted the Eleventh Circuit's Mandate dismissing DHL's appeal as the Order of this Court; (ii) reopened this case; and (iii) instructed "any party seeking to oppose or otherwise respond to Plaintiffs' motion to amend the [Original] Judgment" to "file their response thereto by Friday, March 30, 2018." (Doc. 145 (emphasis omitted).) Neither Defendants nor DHL filed a response to Plaintiffs' motion to amend. On April 9, 2018, the Court entered an Order granting in part and denying in part Plaintiffs' motion to amend, whereby the Court: (i) granted Plaintiffs' request to amend the Original Judgment to reflect the partial satisfaction thereof; and (ii) denied Plaintiffs' request for attorney's fees. (Doc. 146 (the "Amendment Order").) That same day, the Clerk entered an amended judgment in favor of Plaintiffs. (Doc. 147 (the "Amended Judgment").)

On April 10, 2018, Plaintiffs filed their instant motion for administrative relief. (Doc. 148.) Therein, Plaintiffs point out that – despite the Court adding DHL as an additional defendant in this action by way of the Reconsideration Order – DHL does not appear in the caption of either the Amendment Order or the Amended Judgment. (See Doc. 148; see also Docs. 146, 147.) Accordingly, Plaintiffs seek to amend the case captions of the Amendment Order and the Amended Judgment to reflect that DHL was added as a defendant in this matter. (See Doc. 148.)

4

In its response in opposition to Plaintiffs' motion for administrative relief, DHL states that it has "no objection to the Court amending any pleading as required to properly reflect the status of the parties in the case," but objects "to the extent that Plaintiffs seek a change in the caption on [the Amended Judgment] in order to create confusion as to whom the judgment has been issued against." (Doc. 149, at 5.) Indeed, DHL asserts that the Summary Judgment Order and Reconsideration Order "are clear in awarding judgment in favor of Plaintiffs against the Newlead Defendants, specifically [NCL] and the Vessel," that "DHL was added to this action as defendant merely to the extent of the rights and obligations assigned to it"; and that NCL "did not assign DHL its liabilities." (Id. at 5-6 (emphasis omitted).)

Here, the Court concurs with the reasoning set forth in DHL's response in opposition to Plaintiffs' motion for administrative relief. To the extent that the Summary Judgment Order, the Reconsideration Order, the Original Judgment, the Amendment Order, and the Amended Judgment fail to reflect that the judgment entered in favor of Plaintiffs was against Defendants alone,[2] that failure was an oversight by the Court.

---

[2] *i.e.*, against the Vessel and NCL, but not DHL (except to the extent of any interest claimed by DHL in the funds previously-held by the Court in its registry in relation to this matter).

Additionally, in reviewing the aforementioned orders and judgments, the Court has discovered *sua sponte* another oversight committed by the Court, namely the entry of judgment against the Vessel directly. On July 14, 2016, pursuant to Plaintiffs' request, the Court directed the United States Marshal for the Southern District of Georgia, Savannah Division, to conduct an interlocutory sale of the Vessel. (See Docs. 28, 48, 65.) The Vessel was subsequently sold to a third party in accordance with the Court's directions and Plaintiffs requested that the sale be confirmed. (See Docs. 66, 68, 70.) On August 16, 2016, the Court entered an Order confirming the interlocutory sale of the Vessel to the third party. (See Doc. 75 (the "Confirmation Order").) In the Confirmation Order, the Court explicitly held that "any claims in the Vessel existing on the date [of entry of the Confirmation Order] are terminated and the Vessel is sold free and clear of such claims pursuant to 46 U.S.C. § 31326(a)." (Id. at 7.) Further, the Court held that "[t]hose claims terminated pursuant to [the Confirmation Order] shall attach in the same amount and in accordance with their priorities to the proceeds of the [interlocutory] sale [of the Vessel] as provided in 46 U.S.C. § 31326(b), and shall have the priority established under subsections 46 U.S.C. § 31326(b)(1) and (2)." (Id.) Therefore, it was inappropriate for this Court to grant summary judgment – and direct the entry of judgment – against the Vessel

6

directly; rather, the Court should have granted summary judgment - and directed the entry of judgment - against the proceeds from the interlocutory sale of the Vessel. See 46 U.S.C. § 31326. Notably, the Clerk previously distributed to Plaintiffs from the Court's registry the remaining proceeds from the interlocutory sale of the Vessel to Plaintiffs. (See Doc. 146, at 5; see also Doc. 143, at 2-3 (stating that the Plaintiffs have recovered $6,682,868.88 from the Court's registry).)

Accordingly, pursuant to Federal Rule of Civil Procedure 60(a), **IT IS HEREBY ORDERED** that Plaintiffs' motion for administrative relief (Doc. 148) is **GRANTED**. **IT IS FURTHER ORDERED** that the Summary Judgment Order (doc. 116), the Reconsideration Order (doc. 128), the Original Judgment (doc. 129-2), the Amendment Order (doc. 146), and the Amended Judgment (doc. 147) are hereby **AMENDED** to reflect that the judgment entered in favor of Plaintiffs in this matter was against NCL and the proceeds from the interlocutory sale of the Vessel, but not DHL or the Vessel itself. **IT IS FURTHER ORDERED** that the Amendment Order and the Amended Judgment are hereby amended to reflect that DHL was added as an additional defendant in this matter by way of the Reconsideration Order. The Clerk **SHALL ISSUE** an amended judgment in this matter that: (i) identifies DHL in the case caption; and (ii) enters judgment in the amount of $1,068,390.12 in favor of Plaintiff Labroy Shiptrade Limited

and against Defendant Newlead Castellano Ltd. and the proceeds from the interlocutory sale of the M/V Newlead Castellano, IMO No. 9686338, alone. The case shall remain **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this _19th_ day of April, 2018.

                                                    J. RANDAL HALL, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT
                                                  SOUTHERN DISTRICT OF GEORGIA